CRAIG MERCER, Plaintiff-Appellant, v. CARLE FOUNDATION HOSPITAL
*et al.*, Defendants-Appellees.

Fourth District    No. 4—93—0981

Argued April 20, 1994.—Opinion filed April 29, 1994.

Marvin Gerstein, of Urbana, for appellant.

Craig J. Causeman and Howard W. Small (argued), both of Thomas, Mamer & Haughey, of Champaign, for appellees.

JUSTICE LUND delivered the opinion of the court:

Plaintiff unsuccessfully pursued this action for declaratory and injunctive relief in the circuit court of Champaign County, in an attempt to prohibit defendants from furnishing his medical records to his employer's workers' compensation insurance company unless he executed consent forms. The trial court refused to grant plaintiff's requested relief. The case involves employees injured in their employment. The provisions of the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)) are relevant. Section 8(a) of the Act provides in part:

> "Every hospital, physician, surgeon or other person rendering treatment or services in accordance with the provisions of this Section shall upon written request furnish full and complete reports thereof to, and permit their records to be copied by, the employer, the employee or his dependents, as the case may be, or any other party to any proceeding for compensation before the Commission, or their attorneys." 820 ILCS 305/8(a) (West 1992).

Plaintiff contends the medical records are confidential (see *Pet-*

*rillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952) and that section 8(a) of the Act does not allow insurance companies to directly obtain medical records of employees with employment-related injuries.

Employers under the Act must qualify as self-insurers, furnishing adequate security, indemnity, or a bond (820 ILCS 305/4(a)(2) (West 1992)), or insure the entire liability with a carrier authorized, licensed, or permitted "to do such insurance business in this State" (820 ILCS 305/4(a)(3) (West 1992)). The "insurance so certified shall cover all compensation liability." (820 ILCS 305/4(b) (West 1992).) The insurance cannot be cancelled without notice to the Industrial Commission. 820 ILCS 305/4(b) (West 1992).

The failure of an employer to pay compensation as required can result in the insurer becoming primarily liable to the employee, and the insurer can be made a party to the proceedings. (820 ILCS 305/4(g) (West 1992).) Section 16 of the Act provides in part:

"Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the adjustment, settlement or payment of benefits due such employee within the purview of the provisions of paragraph (c) of Section 4 of this Act; or has been guilty of unreasonable or vexatious delay, intentional underpayment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission may assess all or any part of the attorney's fees and costs against such employer and his or her insurance carrier." 820 ILCS 305/16 (West 1992).

Because of the employer responsibilities necessarily assumed by the insurer, both for the employer's protection and the insurer's protection, we conclude the insurer is acting as a representative or an agent of the employer. Because of this relationship, we now hold that worker's compensation insurers should be furnished medical reports of employees claiming compensation under the Act. The trial court is affirmed.

Affirmed.

KNECHT and COOK, JJ., concur.